# MANDATE

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse at Foley Square, in the City of New York, on the 27th day of September, Two thousand and five.

PRESENT:

HON. CHESTER J. STRAUB,
HON. SONIA SOTOMAYOR,

*Circuit Judges.*

HON. GEORGE B. DANIELS,

*District Judge.*\*



------------------------------------------------------------X

LONG-TERM CAPITAL HOLDINGS, LP, Tax Matters Partner of Long-Term Capital Mgmt, LP, LONG-TERM CAPITAL PORTFOLIO, LP, Tax Matters Partner of Long-Term Capital Portfolio, LP, LONG-TERM CAPITAL MGMT, LP, Tax Matters Partner of Long-Term Capital Partners, LP, ERIC ROSENFELD, Partner other than Tax Matters Partner of Long-Term Capital Mgmt, LP, RICHARD LEAHY, Partner other than Tax Matters Partner of Long-Term Capital Partners, LP,

*Plaintiffs-Appellants,*

-v.-                                                                 No. 04-5687-cv

---

\* The Honorable George B. Daniels, United States District Judge for the Southern District of New York, sitting by designation.

-1-



UNITED STATES OF AMERICA,

*Defendant-Appellee.*

----------------------------------------------------x

APPEARING FOR PLAINTIFFS-APPELLANTS:
  ALAN I. HOROWITZ, Miller & Chevalier Chartered, Washington, D.C. (Robert L. Moore, II, Steven M. Rosenthal, Laura G. Ferguson, *on the brief*).

APPEARING FOR RESPONDENT-APPELLEE:
  JUDITH A. HAGLEY, Tax Division, United States Department of Justice (Eileen J. O'Connor, Assistant Attorney General, Richard T. Morrison, Deputy Assistant Attorney General, Gilbert S. Rothenberg, Kenneth L. Greene, *on the brief*, Kevin J. O'Connor, United States Attorney for the District of Connecticut, *of counsel*).


**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the United States District Court for the District of Connecticut (Arterton, J.) is **AFFIRMED**.

Plaintiffs-appellants Long-Term Capital Holdings, LP, Long-Term Capital Portfolio, LP, Long-Term Capital Mgmt, LP, Eric Rosenfeld, and Richard Leahy (together "Long-Term") appeal from a judgment sustaining the I.R.S. Commissioner's adjustments to Long-Term's 1997 partnership tax returns and finding that Long-Term's underpayment of tax was subject to a 40% penalty for gross valuation misstatement, and, in the alternative, to a 20% penalty for substantial understatement of tax. We assume the parties' familiarity with the facts in this case, its relevant procedural history, and the issues on appeal.

Contrary to Long-Term's argument, the district court did not require Long-Term to second-guess the advice of its tax experts at King & Spalding ("K&S"). Rather, the district court made a series of factual findings and determined on the basis of those findings that Long-Term did not meet the threshold requirements of the reasonable cause exception of 26 U.S.C. § 6664(c)(1). *See United States v. Boyle*, 469 U.S. 241, 249 n.8 (1985) ("Whether the elements that constitute 'reasonable cause' are *present* in a given situation is a question of fact, but what elements *must* be present to constitute 'reasonable cause' is a question of law." (emphasis in original)). We review questions of fact for clear error. *India.Com, Inc. v. Dalal*, 412 F.3d 315, 320 (2d Cir. 2005).

The district court found no credible evidence that Long-Term received the tax advice from K&S on which it claimed to have relied in reporting the $106 million loss on its tax return because Larry Noe's memo addressed only the allocation of the loss and Noe's testimony concerning his

April 14, 1998 conversation with Mark Kuller was "vague" and "inconsistent." *See Long Term Capital Holdings v. United States*, 330 F. Supp. 2d 122, 207 (D.Conn. 2004). The court also found that even assuming, *arguendo*, that Long-Term had received relevant tax advice prior to filing its return, it had failed to demonstrate that K&S's advice was based upon all pertinent facts and circumstances and did not unreasonably rely on statements that the taxpayer knew were unlikely to be true. *See* Treas. Reg. § 1.6664-4(c)(1) (stating the two threshold requirements a taxpayer must satisfy in order to show that it relied on advice reasonably and in good faith). Long-Term directed K&S to assume that Long-Term entered into the transaction with Onslow Trading & Commercial LLC ("OTC") for a valid and substantial business purpose independent of federal income tax considerations, that it reasonably expected to derive a material pre-tax profit from this transaction, and that there was no preexisting agreement on the part of OTC to sell its partnership interest to Long-Term Capital Management ("LTCM"). The record provides ample support for the district court's finding that Long-Term knew these assumptions to be false and that it was unreasonable for K&S to rely on these assumptions when a reasonably diligent review of the pertinent facts and circumstances would have revealed them to be false.[1] The district court was similarly justified in finding that Long-Term's decision to report the $106 million loss as a "Net Unrealized Gain" on line 6 of Schedule M of its 1997 tax return did not constitute "good faith" within the meaning of Treas. Reg. § 16664-4.

We also disagree with Long-Term's argument that the district court erred by applying the step transaction doctrine. The district court did not err in finding that the sole purpose of the transaction here was to transfer losses from OTC to LTCM and that any intervening steps taken in pursuit of this goal were economically meaningless. The manner in which LTCM increased its partnership share—by routing money through OTC—was economically meaningless because "[u]nder the step transaction doctrine, a particular step in a transaction is disregarded for tax purposes if the taxpayer could have achieved its objective more directly, but instead included the step for no purpose than to avoid U.S. taxes." *Del Commercial Properties, Inc. v. Comm'r*, 251 F.3d 210, 213 (D.C. Cir. 2001); *cf. Minn. Tea Co. v. Helvering*, 302 U.S. 609, 613 ("The preliminary distribution to the stockholders was a meaningless and unnecessary incident in the transmission of the fund to the creditors, all along intended to come to their hands, so transparently artificial that further discussion would be a needless waste of time."). Similarly, any economic effects that may have resulted from the partnership do not preclude the imposition of the step transaction doctrine. *See True v. United States*, 190 F.3d 1165, 1177 (10th Cir. 1999) ("To ratify a

---

[1] Nor did the district court fault Long-Term for failing to detect legal deficiencies in the tax advice it received from K&S. The district court cited these deficiencies primarily as evidence that K&S had failed "to demonstrate that its advice was based on the law . . . and not unreasonable legal assumptions." *See Long-Term*, 330 F. Supp. 2d at 209. Thus, the court criticized K&S's limited and unimpressive use of law not because it expected Long-Term to engage in sophisticated questioning of its expert's advice but because the inadequacy of the legal analysis showed that K&S's advice amounted to "general superficial pronouncements" based almost entirely on the flawed and outcome-determinative assumptions Long-Term asked it to make. *Id.* at 211.

step transaction doctrine that exalts form over substance merely because the taxpayer can . . . point to an economic effect resulting from the series of steps, would frequently defeat the purpose of the substance over form principle."). The partnership at issue was a "mere formalism," created solely for the purpose of tax avoidance; all of the steps taken pursuant to the partnership agreement were pre-planned, guaranteed, and lacking in "independent significance." *See Greene v. United States*, 13 F.3d 577, 584 (2d Cir. 1994). The application of the step transaction doctrine is warranted under these circumstances. *See Grove v. Comm'r*, 490 F.2d 241, 246 (2d Cir. 1973) (asserting that the step transaction doctrine applies to "meaningless intervening steps in a single, integrated transaction designed to avoid tax liability by the use of mere formalisms"); *see also Comm'r v. Court Holding Co.*, 324 U.S. 331, 334 (1945) ("To permit the true nature of a transaction to be disguised by mere formalisms, which exist solely to alter tax liabilities, would seriously impair the effective administration of the tax policies of Congress.").

Finally, Long-Term argues that the 40% penalty should not be applied in this case because: 1) there was no misstatement of value, only a misstatement of basis; 2) the basis misstatement resulted from a legal dispute, not a factual dispute; 3) the underpayment was not attributable to the basis misstatement. Long-Term's first claim is without merit because 26 U.S.C. § 6662(e)(1)(A) defines "valuation misstatement" to include misstatements concerning the "correct amount of [the] valuation or adjusted basis." Thus, when the term "valuation misstatement" appears in 26 U.S.C. § 6662(b)(3), it includes both valuation and basis misstatements. Long-Term's second claim also lacks merit because 26 U.S.C. § 6662(e)(1)(A) does not differentiate between factual and legal determinations. Nor is it true that the penalty cannot apply where the transaction is "recast" for tax purposes using a legal doctrine such as the step transaction or economic substance doctrine. *See Gilman v. Comm'r*, 933 F.2d 143 (2d Cir. 1991). Long-Term's third claim is similarly without merit. The underpayment in this case was directly dependent upon the valuation misstatement and the amount of the tax benefit was determined by the amount of the misstatement.

We have considered appellants' remaining arguments and find them to be without merit. For the reasons discussed, the judgment of the district court is hereby AFFIRMED.

FOR THE COURT:
Roseann B. MacKechnie, Clerk

By: _____
Richard Alcantara, Deputy Clerk

A TRUE COPY
Roseann B. MacKechnie, CLERK
by _____
DEPUTY CLERK